CRAFT *v.* HOMOCHITTO LUMBER CO.*

[106 So. 440.   No. 25287.]

(Division B. Dec. 14, 1925.   Suggestion of Error Overruled Jan. 11, 1926.)

INJUNCTION. *Defendant held to have complete remedy at law relative to who was heir in death action against it by administrator.*

Defendant, who has settled for death of employee with his claimed widow and sole heir, may not have action for such death brought by administrator, enjoined till determination of heirship in pending proceeding under Code 1906, sections 2790-2792 (Hemingway's Code, sections 310-312); defendant having complete remedy at law in such action, and question of heirship still being an open one for two years after determination in such proceeding.

*Headnote. Injunction, 32 C. J., Section 37.

APPEAL from chancery court of Franklin county.
HON. R. W. CUTRER, Chancellor.
Suit by the Homochitto Lumber Company against Sidney Craft, administrator, to enjoin action at law. De-

cree for complainant, and defendant appeals.  Reversed, and bill dismissed.

*Rawls & Hathorn* and *Price & Price,* for appellant.

*Where there is an adequate remedy at law, equity will not intervene, nor will injunctive relief be granted.* See 14 R. C. L. 407, par. 108; 32 C. J., page 63, par. 41; 32 C. J. 98 *et seq.,* pars. 96, 97, 98, 114.  We call attention to the following Mississippi authorities sustaining the rule above announced: *Learned* v. *Holmes,* 49 Miss. 300; *New Orleans Shell Co. etc.* v. *Lowenstein et al.,* 11 So. 187; *Saucier et al.* v. *Rouse,* 12 So. 481; *Larson* v. *Larson,* 82 Miss. 116; *Harvester Co.* v. *Still,* 98 Miss. 127; *Adams* v. *Bank,* 103 Miss. 745. The case of *Savage* v. *Edgar,* 3 A. L. R. 1025, is very much like the case at bar. See also *Burkhart* v. *Scott,* 72 S. E. 784, 3 A. L. R. 1028; *Town of Grand Chute* v. *Winegar et al.,* 21 L. Ed. (U. S.) 174.

Since the complainant has a complete and adequate remedy at law, and since the law court jurisdiction was first invoked, and the defense, which complainant wants to make us wait for from a court of equity, is available as a complete and adequate defense in the court of law, we submit that the motion to dissolve the injunction must be sustained.

We have been unable to find anywhere a case where an action at law has been enjoined to await the result of an action in chancery, where none of the parties to the action at law are parties to or in any way connected with the action in chancery.  We submit that it is manifestly unfair, and anything but equitable, for this administrator to be restrained from prosecuting his action to await the result of an action in chancery over which neither he nor complainant here have any kind of control.  Who knows what Martha may decide to do with the case in the chancery court of Franklin county?  Neither the administrator nor the complainant can control her action

in the case, nor the way she handles it. She may, so far
as we know, drag it along for several terms and then
dismiss it, and not only the administrator, but the com-
plainant as well, would be powerless to prevent it. If
it were an action over which either the complainant or
the administrator had control, a different situation might
arise, but such is not the case. Therefore, the injunction
should be dissolved.

*Luther A. Whittington,* for appellee.

Upon the allegations in the petition for letters of ad-
ministration, it might be said that the appointment of
the appellant as administrator of the estate of Will
Craft, deceased, was in pursuance of the provisions of
section 1684, Hemingway's Code, which provides that
*"if necessary,* an administrator may be appointed to
institute and conduct suits, etc."

But, another petition had been filed in the chancery
court in which said letters of administration had been
granted, and when said petition alleged or charged that
the petitioner or person claiming to be the sole heir at
law, was in truth and fact the sole heir at law of the
deceased, and that she had made settlement as such heir
at law of the cause of action on account of which the ad-
ministrator had been appointed for the purpose of bring-
ing suit, it was altogether in the inherent jurisdiction of
the chancery court to order the administrator to stay
further proceedings until the determination by that court
of the petition filed to declare Martha Stovall Craft, the
sole heir at law of said Will Craft, deceased, and that
is precisely what the effect of the injunction issued by
the chancellor was with reference to the suit which had
been instituted by said administrator in the circuit court
of Lincoln county against the Homochitto Lumber Co.

The petition of Martha Stovall Craft to have herself
decreed to be the sole heir at law of Will Craft, de-
ceased, to our mind is well founded, and is made in pur-

suance of the provisions of the statute authorizing such proceedings.

The only authority of Sidney Craft to sue in this case proceeded from the action of the court in adjudicating it "necessary" that suit be instituted. Now, when another petition is filed before that same court, and the administrator or servant of the court itself, is made a party to that petition, the chancery court would have the power inherently, all parties being before it, to stay the execution of the authority vested by that same court in the administrator to prosecute said suit, until the court had determined the question of whether said suit was "necessary." We submit, therefore, that the chancery court in granting this injunction was in the exercise of its inherent authority and jurisdiction to direct the administrator to stay proceedings until the question of heirship had been settled in the forum where that question had been definitely raised, in pursuance of the specific statutory remedy.

There can be no questioning of the right of Martha Stovall Craft to invoke the statutory remedy to have herself decreed to be the sole heir at law of Will Craft, deceased. Her rights were entitled to be heard and protected by the specific remedy provided by law, and that remedy she has invoked.

We submit, therefore, that Martha Stovall Craft, having the right to statutory remedy, and having invoked the statutory remedy, the Homochitto Lumber Company, having dealt with said Martha Stovall Craft, as the sole heir at law of said Will Craft, deceased, had the right to enjoy the benefit of any decree that might be rendered by the chancery court on the petition of Martha Stovall Craft, if benefit accused to the Homochitto Lumber Co. by virtue of such decree.

The injunction herein granted should be sustained, at least until the cause is tried on its merits and final decree of the court in the petition filed by Martha Stovall

Craft to have herself declared the sole heir at law of Will Craft, deceased, is rendered.

ANDERSON, J., delivered the opinion of the court.

Appellee, Homochitto Lumber Company, a corporation, filed its bill in the chancery court of Franklin county against appellant, Sidney Craft, administrator, to enjoin the latter from prosecuting an action at law brought by him in the circuit court of Lincoln county against appellee. The cause was heard on bill, answer, motion to dissolve temporary injunction theretofore issued, and proofs, and a decree was rendered overruling appellant's motion to dissolve the injunction from which appellant was granted this appeal to settle the principles of the cause.

The controlling facts are as follows: Will Craft, appellant's intestate, a negro employee of appellee, died from an injury received by him while engaged in the performance of his duties as such servant. He had no children, nor descendants of children. Martha Craft claimed to be his wife and sole surviving heir. Appellee, believing that she was, after negotiations between the two, paid her the sum of one thousand one hundred dollars in full settlement and discharge of any claim for damages that she might have against appellee on account of the death of said Will Craft. Appellee took from Martha Craft an acquittance in writing discharging it from all liability, if any existed, for the death of the said Will Craft.

After that compromise and settlement took place between Martha Craft and appellee, appellant was appointed by the chancery court of Franklin county administrator of the estate of the said Will Craft and duly qualified as such, as provided by law. Appellant thereupon in his capacity of administrator of the estate of Will Craft brought the action at law in the circuit court of Lincoln county, which was enjoined in this case. That

action was brought for the recovery of damages for the alleged wrongful death, at the hands of appellee, of said Will Craft. Thereafter, Martha Craft instituted a proceeding in the chancery court of Franklin county under sections 2790 to 2792, inclusive, Code of 1906 (sections 310 to 312, inclusive, Hemingway's Code), to have herself declared to be the widow and sole heir at law of the said Will Craft. The action at law by appellant against appellee in the circuit court of Lincoln county was based on the theory that, in truth and in fact, Martha Craft was not the widow and sole heir of Will Craft, and that therefore the compromise and settlement made by her with appellee for the damages she claimed to have suffered as such widow and sole heir on account of the alleged negligence of appellee, resulting in the death of said Will Craft, had no binding force, and therefore appellant as administrator of his estate was entitled to recover from appellee for such alleged wrongful death.

Appellee sought to enjoin that action at law until the chancery court of Franklin county should determine in said proceeding therein, instituted by Martha Craft, who the true heirs at law of Will Craft were. It will be observed, therefore, that the injunction in this case was to restrain an action at law against appellee until the final determination of still a third cause pending in the chancery court of Franklin county, in which was involved the question of the true heirs of Will Craft, to which latter cause appellee was not a party.

Appellant's position is that appellee had complete and adequate remedy at law in the law action sought to be restrained, and therefore had no right to resort to the injunctive relief of a court of equity to restrain such action at law.

Any decree which might be rendered in the proceeding of Martha Craft, under the statute above referred to, to have herself declared the widow and sole heir of Will Craft, would not be conclusive except as to the parties thereto until after the expiration of two years from its

141 Miss.—11.

rendition. The statute provides that the heirs at law and next of kin only of the deceased shall be made parties to the proceeding, and the decree rendered shall be binding on them from its date, but not on others until after the expiration of two years from its rendition. As to the weight the decree shall have as evidence, the statute provides:

"And said decree shall be evidenced in all the courts of law and equity in this state that the persons therein named are the sole heirs at law of the person therein described as their ancestor.

"A decree so rendered shall not be assailed collaterally, except for fraud, and shall be binding and conclusive upon all persons cited to appear from the date of its rendition, and upon all persons whomsoever from and after the expiration of two years from the date on which the same was rendered, saving to minors and persons of unsound mind, the right to reopen said cause within one year after attaining majority or being restored to sanity." Sections 2791, 2792, Code of 1906; sections 311, 312, Hemingway's Code.

It is manifest from the language and purpose of the statute that if in the proceeding for that purpose Martha Craft should be declared widow and sole heir of Will Craft, the decree so adjudging would not be conclusive for appellee nor against appellant in his capacity as administrator until after the expiration of two years from its rendition. During that period it would be conclusive as to next of kin made parties, but only *prima-facie* evidence of the truth of its recitals as to all other persons. Therefore, in the action at law between appellant and appellee either could assail the decree. In other words, the question as to whether Martha Craft was the widow and sole heir at law of Will Craft would still be an open question in that action.

The injunction in the present case cannot have the effect of advancing the determination of the contentions of the parties in the action at law. On the contrary, it

might delay their determination. If Martha Craft was in fact the widow and sole heir of Will Craft, appellee would be permitted to show that fact in the action at law notwithstanding a decree of the court in another proceeding holding to the contrary. And if the converse was the fact, appellant would be permitted to prove it in the face of a decree in the other proceeding holding to the contrary. Appellee, therefore, has a complete remedy at law in the action at law pending against it in Lincoln county. There is no use citing authorities to sustain the proposition that a court of equity will not enjoin an action at law if the complainant in the injunction suit has a complete and adequate remedy at law. We hold that the appellee had such a remedy in the action at law which it sought in this case to enjoin.

*Reversed, and bill dismissed.*